NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEFF GRAHAM, *Plaintiff/Appellant*,

*v.*

CARPENTER HAZLEWOOD DELGADO & BOLEN, LLP,
*Defendant/Appellee.*

No. 1 CA-CV 23-0495
FILED 06-04-2024

Appeal from the Superior Court in Maricopa County
No.  CV2020-094884
The Honorable Patricia A. Trebesch, Judge (retired)

**AFFIRMED**

COUNSEL

Smith & Smith, PLLC, Tucson
By John C. Smith, Will Sherman
*Counsel for Plaintiff/Appellant*

Jeffrey J. Jarvi, Bozeman, Montana
*Counsel for Plaintiff/Appellant*

Wood, Smith, Henning & Berman LLP, Phoenix
By Joshua M. Bolen, Ember Van Vranken, Jodi L. Mullis
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

**H O W E**, Judge:

¶1   Jeff Graham appeals the trial court's order granting Carpenter Hazlewood Delgado & Bolen, LLP's ("Carpenter") motions to dismiss, for summary judgment, and for attorneys' fees. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   In 2020, Graham owned a condominium unit in Glendale with his wife, mother, and father. The unit was part of a homeowners' association, the Quarter Condominium Association, Inc. (the "HOA"). In August of that year, Graham sued, among others, the HOA and its counsel, Carpenter. He alleged that the HOA had wronged him by fining him $8,000 for three violations of its short-term rental policy—violations he denied committing. He alleged that Carpenter had caused him to lose a potential buyer to his unit because it had informed and requested his title company to withhold the amount of the fines from the sale's proceeds. He sought damages for "breach of contract, negligence, fraud and/or intentional interference with contractual relation, punitive damages, and attorney's fees and costs."

¶3   Carpenter moved to dismiss the complaint for failure to state a claim under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). The court granted the motion as to all claims but the intentional interference with contract claim. Graham then filed an amended complaint, alleging reckless misrepresentation, intentional or knowing misrepresentation, negligent misrepresentation, intentional interference with contract, false document, defamation, negligent infliction of emotional distress ("NIED"), reckless infliction of emotional distress ("RIED"), and intentional infliction of emotional distress ("IIED"). His amended complaint alleged economic and noneconomic damages stemming from his loss of the original and a second buyer, forcing him to hold onto the unit for longer and subjecting him to additional mortgage payments, HOA dues, utilities, and cost of a new front door from an attempted break-in. Carpenter again moved to dismiss the complaint for failure to state a claim. Graham simultaneously responded to

Carpenter's motion and cross-moved to amend his complaint a second time.

¶4 Before ruling on the motion to dismiss, the court issued an order rejecting Graham's motion to amend because he had not cited any authority that allowed him to jointly file two motions in one pleading. It stated, however, that Graham would be provided with an opportunity to amend his complaint a second time if it granted Carpenter's motion to dismiss. Graham moved for reconsideration, which the court denied. The court later granted in part Carpenter's motion to dismiss. Finding that Graham had failed to state a claim for relief, the court dismissed the knowing misrepresentation claim, the false document claim, and the NIED claim. The court specifically found that Graham failed to plead fraud with particularity, did not allege that any false document was recorded, and that any emotional anguish Graham suffered was not accompanied by or manifested as physical injury.

¶5 Discovery ensued. As part of discovery, parties deposed an agent for Graham's title company. The agent stated that she had received communications from the property manager, but nothing from Carpenter. In another deposition, a Carpenter attorney who regularly served as the HOA's counsel stated that she never had contact with title companies. And a Carpenter managing partner testified in an affidavit that neither he nor any Carpenter employee had any communication with a title company regarding Graham or his property.

¶6 After discovery, Carpenter moved for summary judgment on the remaining claims. The court granted the motion. It found that Arizona law did not recognize a reckless misrepresentation claim. As to the defamation claim, the intentional interference with contract claim, the negligent misrepresentation claim, the RIED claim and the IIED claim, the court found that Graham presented no evidence in support of those claims. Specifically, the court found no evidence to refute Carpenter's contention that it had no contact with any title company. The court also awarded Carpenter attorneys' fees under A.R.S. § 12-349(A)(1) because Graham brought his claim without a basis and in bad faith. Graham timely appealed, and this court has jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7 Graham challenges the trial court's orders dismissing both his complaint and amended complaint and granting Carpenter summary judgment and attorneys' fees. We address each challenge below.

## I.      Motion to Dismiss

**¶8**          "We review de novo an order granting a motion to dismiss for failure to state a claim." *Abbott v. Banner Health Network*, 239 Ariz. 409, 412 ¶ 7 (2016). In reviewing a Rule 12(b)(6) motion to dismiss, we take as true the well-pleaded facts alleged in the first amended complaint and "indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008).

**¶9**          To state a claim for relief, a pleading must include "a short and plain statement of the claim," Ariz. R. Civ. P. 8(a)(2), but must not include mere conclusory statements, *Cullen*, 218 Ariz. at 419 ¶ 7. The standard is intended "to avoid technicalities" while "giv[ing] the opposing party notice of the basis for the claim and of its general nature." *Verduzco v. Am. Valet*, 240 Ariz. 221, 225 ¶ 11 (App. 2016) (quoting Daniel J. McAuliffe & Shirley J. McAuliffe, Ariz. Civil Rules Handbook at 144 (2015 ed.)). The complaint need not "allege the evidentiary details of plaintiff's claim for relief." *Id.* at 225 ¶ 9. "The test is whether enough [information] is stated to entitle the pleader to relief on some theory of law susceptible of proof under the allegations made." *Id.* (quoting McAuliffe & McAuliffe, *supra*, at 144).

**¶10**          Graham asserts that the trial court erred by "glean[ing]" or "extract[ing]" causes of action from his original and amended complaint. He contends that he was not required to plead causes of action under Arizona's liberal notice pleading standards. While he is correct as to the notice pleading standards, the trial court did not err. The court granted (in part) the motion to dismiss not because Graham did not plead causes of action, but because the facts alleged in both his complaint and amended complaint did not entitle him to relief on any theory of law. *See id.*; *see also Cullen*, 218 Ariz. at 419–20 ¶¶ 7–8 (stating that a complaint's "well-pled factual allegations" but not "mere conclusory statements" are considered when determining a plausible claim for relief). And although the court has the ability to liberally construe pleadings, it cannot do so to create a claim that isn't pleaded.

**¶11**          The court dismissed Graham's fraud (intentional or knowing misrepresentation) claim because Graham failed to plead with particularity the circumstances constituting fraud. *See* Ariz. R. Civ. P. 9(b). On appeal, Graham fails to articulate how his amended complaint particularly alleged fraud or how the amended complaint identifies which of Carpenter's actions constituted fraud. The court dismissed Graham's false documents claim because the statute authorizing that claim, A.R.S. § 33-420(A), requires that the offending-document be recorded. While Graham's

amended complaint alleged that a false lien was "deemed as a matter of Arizona law to be recorded in the property records," he did not identify which law or doctrine authorizes constructive recording for purposes of A.R.S. § 33-420(A). And the court dismissed the NIED claim because the amended complaint did not allege that Graham's suffering was accompanied by, or manifested as, physical injury, a required element for that claim in Arizona. *See Gau v. Smitty's Super Valu, Inc.*, 183 Ariz. 107, 109 (App. 1995). The court thus did not err in dismissing these claims.

## II.    Summary Judgment

¶12    This court reviews de novo a trial court's grant of summary judgment. *Glazer v. State*, 237 Ariz. 160, 167 ¶ 29 (2015). Here, the trial court granted Carpenter summary judgment on Graham's reckless misrepresentation, negligent misrepresentation, defamation, intentional interference with contractual relations, IIED, and RIED claims.

¶13    The trial court dismissed Graham's RIED claim because it determined that Arizona law does not recognize the claim. While Arizona law does not recognize an independent RIED claim, the IIED standard encompasses both intentional and reckless conduct. *See Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987) ("The three required elements [for IIED] are: first, the conduct by the defendant must be 'extreme' and 'outrageous'; second, the defendant must either intend to cause emotional distress *or recklessly disregard the near certainty that such distress will result from his conduct*; and third, severe emotional distress must indeed occur as a result of defendant's conduct." (emphasis added and omitted)). Because IIED encompasses REID, and Graham brought both claims, the court did not err in dismissing the duplicate claim.

¶14    Graham correctly notes that a summary judgment motion involves shifting burdens. "Initially, a party moving for summary judgment has the burden of showing there are no genuine issues of material fact and it is entitled to summary judgment as a matter of law." *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 114–15 ¶ 12 (App. 2008), *as amended* (Jan. 23, 2008). "Only if the moving party satisfies this burden will the party opposing the motion be required to come forward with evidence establishing the existence of a genuine issue of material fact that must be resolved at trial." *Id.*

¶15    Graham is incorrect, however, that Carpenter has failed to carry its initial burden. Because Carpenter showed that the title company had no communications with the firm, it became Graham's burden to show

that Carpenter had somehow interfered with the sale. Graham did not do so.

¶16 Graham's remaining claims—reckless misrepresentation, negligent misrepresentation, defamation, intentional interference with contract, and IIED—all hinge on Carpenter's having made false representations to the title company that Graham's $8,000 fine was a lien assessable against his Arizona property. Graham showed, at most, that either his HOA or property manager—not Carpenter—interfered with the sale. The trial court did not err in granting Carpenter summary judgment on the remaining claims.

## III. Attorneys' Fees at Trial

¶17 Graham appeals the trial court's order awarding Carpenter its attorneys' fees under A.R.S § 12-349(A)(1), which mandates such an award as a sanction against a party that brings or defends a claim without substantial justification. He argues that the court erred in sanctioning him because his suit was not frivolous or brought without substantial justification. Review of an attorney fees award under this section presents a mixed question of fact and law. *Ariz. Republican Party v. Richer*, CV-23-0208-PR, 2024 WL 1922203, at *3 ¶ 10 (Ariz. May 2, 2024). "We defer to a trial court's findings of fact unless clearly erroneous, but we review the court's interpretation and application of the fees statute de novo." *Id.* (citation omitted).

¶18 The court shall order attorneys' fees under A.R.S. § 12-349 against an attorney or party "if the attorney or party does any of the following": (1) "[b]rings or defends a claim without substantial justification"; (2) "[b]rings or defends a claim solely or primarily for delay or harassment"; (3) "[u]nreasonably expands or delays the proceeding"; or (4) "[e]ngages in abuse of discovery." A.R.S. § 12–349(A). A party brings a claim "without substantial justification" if the claim is both groundless and not made in good faith. A.R.S. § 12–349(F); *Ariz. Republican Party*, 2024 WL 1922203, at *4 ¶ 14. In addition, the court must provide specific reasons for the award. A.R.S. § 12–350. Here, the trial court awarded Carpenter fees after it concluded "from the totality of the record that the action against Carpenter was wholly prosecuted in bad faith." The court also determined that Graham "was alleging a variety of unsupported claims with the hope that one might be viable[,]" which "is not an appropriate use of judicial resources and constitutes an abuse of the judicial system."

**¶19** For § 12-349 purposes, "groundless" is synonymous with "frivolous." *Ariz. Republican Party*, 2024 WL 1922203, at *4 ¶ 15. A claim is groundless "if the proponent can present no rational argument based upon the evidence or law in support of that claim." *Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (App. 2014) (internal quotation omitted).

**¶20** Here, Graham's NIED and false documents claims were groundless from the outset, as Graham neither suffered physical injury nor did Carpenter record any documents, as discussed *supra* ¶ 11. His other claims against Carpenter were rendered groundless upon discovery showing that Carpenter had never communicated with the title company. Therefore, we must determine whether Graham's claims were also not made in good faith.

**¶21** A claim is "not made in good faith" if "(1) it is groundless and (2) the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Ariz. Republican Party*, 2024 WL 1922203, at *9 ¶ 38. This applies to both bringing groundless initial claims and maintaining claims once they are found to be groundless. *Id.* at *9 ¶ 41.

**¶22** Here, Graham continued to pursue his claims against Carpenter even when discovery showed that no factual basis for such claims existed. His claims were thus not made in good faith, and because they were also groundless, the trial court did not err in its decision to award fees under § 12-349(A)(1).

## CONCLUSION

**¶23** We affirm. Carpenter requests an award of its attorneys' fees and costs on appeal under A.R.S. §§ 12-349 and -350. We grant Carpenter's request because this appeal was brought without substantial justification. By appealing this case, Graham continues to pursue his groundless claims with complete indifference to their lack of merit. *See Ariz. Republican Party*, 2024 WL 1922203, at *9 ¶ 38. Graham's appeal is therefore unjustified under A.R.S. § 12–349(A)(1). As the prevailing party, Carpenter is also awarded its costs on appeal upon compliance with Ariz. R. Civ. App. P. 21.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV